IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENESI MISAALEFUA, | CASE NO. CV F 06-1752 AWI LJO |
| Plaintiff, | **ORDER TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |
| vs. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. / | |

## INTRODUCTION

Plaintiff Enesi Misaalefua ("plaintiff") proceeds pro se and in forma pauperis and on December 5, 2006, filed an untitled document which this Court construes as a complaint ("complaint") against the United States Postal Service. The complaint lacks a caption and appears to be an attachment to an administrative form. The complaint addresses plaintiff's discrimination claims arising from his probationary letter carrier employment.

## DISCUSSION

### Standards For Screening

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua

1

sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

This Court shall dismiss an in forma pauperis plaintiff's action at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The complaint's face reflects jurisdictional and pleading deficiencies to prevent plaintiff from offering evidence to proceed on his claims.

## Subject Matter Jurisdictional

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .

1         (e)        Pleading to be Concise and Direct; Consistency.

2         (1)        Each averment of a pleading shall be simple, concise and direct.

3 The complaint alleges neither grounds for nor facts to support this Court's jurisdiction. The
4 complaint reveals no grounds to properly invoke this Court's jurisdiction.

### Pleading Deficiencies

6 A pleading may not simply allege a wrong has been committed and demand relief. The
7 underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds
8 upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.
9 United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need
10 not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these
11 elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis
12 v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading
13 policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements
14 of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.
15 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant
16 engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

17 The complaint merely references alleged discrimination during plaintiff's probationary letter
18 carrier employment. The complaint fails to provide fair notice and to state facts to support elements of
19 a particular claim. The complaint seeks no clear relief which this Court may award.

### Malice

21 This Court is concerned that plaintiff has brought this action in absence of good faith and
22 attempts to take advantage of cost-free filing to vex the U.S. Postal Service and/or its employees. Such
23 attempt to vex provides further grounds to dismiss this action.

### Amended Complaint

25 Plaintiff is admonished that this Court's Local Rule 15-220 requires an amended complaint to
26 be complete in itself without reference to any prior pleading. As a general rule, an amended complaint
27 supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing
28 of an amended complaint, the original pleadings serves no further function. Thus, in an amended

complaint, each claim and involvement of each defendant must be sufficiently alleged.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES plaintiff's complaint, filed December 5, 2006, with leave to amend; and

2. ORDERS plaintiff, no later than December 22, 2006, to file an amended complaint in compliance with this order.

**This Court admonishes plaintiff that failure to file an amended complaint in compliance with this order will result in recommendation to dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

**Dated:   December 7, 2006**                           /s/ Lawrence J. O'Neill
66h44d                                                        UNITED STATES MAGISTRATE JUDGE