UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENESI MISAALEFUA, | 1:06-CV-01752 AWI-GSA |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| POSTAL SERVICE, | |
| Defendant. | |
| _____/ | |

    This case was set for an Initial Scheduling Conference on November 6, 2007.  Plaintiff's counsel appeared telephonically.  Counsel for the defendant was not present because the Defendant had not been properly served.  The court advised Plaintiff's counsel that Defendants were to be properly served by December 6, 2007.  To date, it appears that Plaintiff has failed to properly serve the Defendant.

    Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

     Plaintiff is ORDERED to file a written response to this Order to Show Cause WITHIN thirty (30) days of the date of this Order.  In addition, Plaintiff shall also properly serve the Defendant with the Summons and Second Amended Complaint by the date of the filing of the reply to this Order to Show Cause.  The court notes that this is the *third* Order to Show Cause issued in this case. [1] The first Complaint in this case was filed on December 5, 2006, over one year ago, and the Defendant has still not been properly served. Plaintiff is advised that failure to properly serve the Defendant and file a reply to this Order may result in the dismissal of his case.

     IT IS SO ORDERED.

     Dated:   **January 8, 2008**          /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The first Order to Show Cause was issued on January 18, 2007, when the Plaintiff, proceeding pro se, failed to serve Defendants with the Summons and Amended complaint. (Doc. #9). The second Order to Show Cause, was issued on March 12, 2007, after Plaintiff hired current counsel, and counsel failed to timely file a Second Amended Complaint after being granted an extension to do so. (Doc. #14).