IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENISI MISAALEFUA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendants. | 1:06-cv-1752-AWI-GSA<br><br>**FINDINGS AND RECOMMENDATIONS RE: DISMISSAL OF ACTION**<br><br>**(Doc. 28)** |

I.Procedural History

This case is proceeding on Plaintiff's Second Amended Complaint filed on April 12, 2007. Doc. 17. Plaintiff alleges employment discrimination on the basis of age and disability against Defendant United States Postal Service. Specifically, Plaintiff alleges 1) Disability discrimination in violation of California Government Code § 12940, 2) Age discrimination in violation of California Government Code § 12940, 3) a violation of Veteran's Employment Opportunities Act, and 4) a violation of public policy.

There has been an extensive history of failure to follow court orders in this case. On December 5, 2006, Plaintiff, proceeding pro se, filed a Complaint. Doc. 1. A First Amended Complaint was filed on December 22, 2006. Doc. 5. Doc. 6. On December 26, 2006, the court ordered that Plaintiff return various documents including a USM-285 form, four summonses, and the Amended Complaint, so that Defendants could be served. Plaintiff failed to comply with the court's order. An Order to Show Cause Why the Action Should Not be Dismissed for Failure to Comply

1

with the Court's Order was issued on January 18, 2007.  Doc. 9.

On January 22, 2007, Mr. Alfred Buzo, Plaintiff's current counsel, made his first appearance. Doc. 11.  At that time, counsel indicated that he would be filing a Second Amended Complaint. Pursuant to counsel's request, Plaintiff was given an additional 30 days to serve and file a Second Amended Complaint.  Doc. 10.  The deadline for filing the Second Amended Complaint was February 25, 2007.  Plaintiff failed to timely serve or file the Second Amended Complaint.

On March 12, 2007, a *second* Order to Show Cause Why the Case Should Not Be Dismissed for Failure to Prosecute was issued.   Doc. 14.  On April, 5, 2007, Plaintiff's counsel filed a reply to the Order to Show Cause stating that the failure to comply was due to a terminal illness of a family member.  Doc. 15. Plaintiff filed the Second Amended Complaint on April 12, 2007.  Doc. 17. However, although Plaintiff attempted to serve Defendant, service was not properly executed.

An Initial Scheduling Conference was held on  November 6, 2007.  Plaintiff's counsel appeared telephonically.  Defendant's counsel was not present due to the improper service.  The court advised Plaintiff's counsel that Defendant was to be properly served by December 6, 2007. Plaintiff did not provide proof of service by the required date.

On January 8, 2008, this court issued a *third* Order to Show Cause Why the Action Should Not be Dismissed for Failure to Comply with a Court Order.  Plaintiff was ordered to file a written response to the Order to Show Cause within thirty days.  In addition, Plaintiff was ordered to properly serve the Defendant with the Summons and Second Amended Complaint by the date of the filing of the reply to the Order to Show Cause.

On February 11, 2008, Plaintiff's attorney filed a declaration indicating that he had not served Defendant because he had  "unexpected family responsibilities" and that he "was involved in a car accident which caused him to miss work for another period of time."  Accordingly, on February 13, 2008, the court issued an order extending the time Plaintiff was to properly serve Defendant with the Summons and Second Amended Complaint until March 14, 2008.  In the order, the court explicitly stated that no further extensions of time would be given to serve Defendant in this case, and that failure to do so would result in the dismissal of this action without prejudice.  To date, one month beyond the court's last deadline, Plaintiff has not properly served Defendant with the Second

Amended Complaint and Summons.

II.     Discussion

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  This case was filed over one year ago, and despite being given several chances to do so, Plaintiff has not properly served Defendant with the Second Amended Complaint.  The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524

1. (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Further, Plaintiff has failed to prosecute this action thereby rendering a disposition on the merits impossible. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. This court's order issued on February 13, 2008, expressly stated: "Plaintiff is advised that failure to properly serve the Defendant ... will result in the dismissal of his case without prejudice." Plaintiff was also advised that no further extensions would be given. Thus, plaintiff had adequate warning that dismissal would result from non-compliance of the court's order.

III.   Conclusion

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for plaintiff's failure to obey the court's order of February 13, 2008, and failure to effect service on Defendant.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 14, 2008**          /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE